Deveneau v. Weilt, No. 321-9-12 Bncv (Wesley, J., Aug. 29, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
Bennington Unit                                    Docket No. 321-9-12 Bncv

Deveneau vs. Weilt et al

ENTRY REGARDING MOTION

Count 1, Personal Injury - Auto (321-9-12 Bncv)
Count 2, Personal Injury - Auto (321-9-12 Bncv)

Title:          Motion Entry of final judgment (Motion 14)
Filer:          Brian Toomey
Attorney:       Leo A. Bisson
Filed Date:     August 18, 2014

No response filed
Title:          Motion PERMISSION TO APPEAL INTERLOCUTORY ORDER (Motion 15)
Filer:          William Deveneau
Attorney:       Ronald F. Wright
Filed Date:     August 22, 2014

**The motions are DENIED.**

**Decision and Order
Denying Defendant's Motion for Final Judgment and Plaintiff's Motion for Permission to take
an Interlocutory Appeal**

Plaintiff sues Defendants for negligence based on damages he sustained when his vehicle collided with a horse. Plaintiff sues the owner and keeper of the horse, Susan Wielt, and the landowner, Brian Toomey. On August 12, 2014, the Court issued summary judgment to Brian Toomey because he had no duty to prevent Ms. Wielt's horse from escaping. Brian Toomey now seeks an order of final judgment. Plaintiff requests permission to take an interlocutory appeal.

Under V.R.C.P. 54(b), the Court may issue final judgment for one party.

[T]here are three prerequisites to directing an entry of judgment under V.R.C.P. 54(b): (1) there must be multiple parties or multiple claims for relief, (2) at least one claim or the rights and liabilities of at least one party must be finally decided, and (3) the court must find that there is no just cause for delaying the appeal.

*Kelly v. Lord*, 173 Vt. 21, 31 (2001). Although there are multiple parties and the Court decided all issues related to Mr. Toomey, the Court will not issue final judgment because there is just cause for delaying the appeal. Allowing part of this case to go up to appeal could result in two trials if the Court is reversed. The Court favors Vermont's public policy of not allowing piecemeal appeals. *See In re Pyramid Co.*, 141 Vt. 294, 305–06 (1982).

The Court also denies Plaintiff's request for permission to take an interlocutory appeal. Under V.R.A.P. 5(b), a party must seek permission with the superior court to take an interlocutory appeal. To grant permission, the Court must determine that an immediate appeal will advance the litigation. V.R.A.P. 5(b)(1)(B). In this case, the Court again fears a piecemeal appeal and two trials. *See Pyramid*, 141 Vt. at 305–06 . An appeal before trial could result in two trials and confuse issues of liabilities and damages.

## Order

The Court **DENIES** Defendant's Motion for Final Judgment. The Court **DENIES** Plaintiff's Motion for Permission to take an interlocutory appeal.

Electronically signed on August 29, 2014 at 01:19 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Ronald F. Wright (ERN 5341), Attorney for Plaintiff William Deveneau
Michael J. Gannon (ERN 3738), Attorney for Defendant Susan Weilt
Leo A. Bisson (ERN 2369), Attorney for Defendant Brian Toomey
Kerby John Wright (ERN N/A), Attorney for party 1 Co-Counsel